**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAMES T. ROJAS,

    Plaintiff,

v.                                                                                                     No. 20-cv-0443 CG/SMV

JOHNNY E. VALLES and
STALLION OILFIELD SERVICES LTD.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the Notice of Removal [Doc. 1], filed by Defendants on May 8, 2020. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the underlying Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Defendants to file an amended Notice of Removal no later than **June 12, 2020,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**BACKGROUND**

On May 8, 2020, Defendants removed this case to federal court, asserting complete diversity between the parties and that the amount in controversy exceeds $75,000. [Doc. 1] at 1, 3–4. In support of their claim of diversity of citizenship, Defendants allege that Plaintiff is a citizen of New Mexico. *Id.* at 3. Defendants alleges that Valles is a citizen of Texas. *Id.* They further

state, "The Complaint alleges that Stallion [Oilfield Services Ltd.] is a foreign corporation with an address based in Texas doing business in the State of New Mexico." *Id.* at 2. Defendants allege that Stallion Oilfield Services Ltd. "is organized under the laws of Texas, and its principal place of business is in Texas." *Id.* at 3.

## LEGAL STANDARDS

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* § 1441(a), (b).

Determining the citizenship of a limited partnership is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the State in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited partnerships and other unincorporated associations, however, are deemed citizens of each

and every State in which any member is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 906 (10th Cir. 2015).

**DISCUSSION**

Here, the facts set forth in the Notice of Removal do not sufficiently establish that Stallion Oilfield Ltd. is a corporation and, thus, do not sufficiently establish Stallion's citizenship. The Notice of Removal has three specific defects. First, Defendants must, yet fail to, affirmatively allege what type of business entity Stallion Oilfield Services Ltd. is, e.g., a corporation, limited partnership, or a different type of unincorporated entity. Defendants repeat the Complaint's assertion that Stallion Oilfield Services Ltd. is a foreign corporation, [Doc. 1] at 2, but Defendants themselves fail to allege what type of business entity Stallion Oilfield Services Ltd. is. Simply because the Complaint names an entity as a corporation does not mean that Defendants may rely on that allegation to support removal.

Normally, the Court would use the name of an entity defendant to identify its business structure. For example, Acme Corp. would be a corporation, and Acme P'ship would be a partnership. Here, however, the only business-entity identifier in Stallion Oilfield Services Ltd.'s name—"Ltd."—does not answer this question; Stallion Oilfield Services Ltd. could be a corporation but could also be a limited partnership or some other type of business entity. Under Texas law today, it appears that "limited" or its abbreviation, "Ltd.," could be used in the names of corporations *or* limited partnerships. Tex. Bus. Orgs. §§ 5.054(a), 5.055(a) (West 2007). That Defendant's name includes "Ltd." does not identify the type of business entity associated with it. Additionally, as recently as 2006, and in contrast to today, Texas previously required corporations

3

to utilize one of the following titles in their names: corporation, company, or incorporated, or the appropriate abbreviation—not limited.  *See* Tex. Bus. Corp. Act. Ann. § 2.05(A)(1) (West 2002). Using Stallion Oilfield Services Ltd.'s name to determine its business structure, as the Court normally would do, would depend on when Stallion Oilfield Services Ltd. was formed—before or after 2006.  Stallion Oilfield Services Ltd.'s name, therefore, fails to identify its business structure, which in turn prevents the Court from determining its citizenship.

Second, Defendants must, yet fail to, allege sufficient facts to support an allegation that Stallion Oilfield Services Ltd. is a specific type of business entity.  Though they suggest that it could be a corporation, as noted above, they fail to allege the factual basis upon which the Court may find that it is a corporation, as opposed to a different business entity like a limited partnership.

Third, the Court must know what type of business entity Stallion Oilfield Services Ltd. is so that it may apply the proper citizenship test when determining whether diversity jurisdiction exists.  As explained, corporations are citizens of their State of incorporation and principal place of business, while limited partnerships and other unincorporated associations are citizens of each and every State of which their members are citizens.  § 1332(c); *Carden*, 494 U.S. at 195–96; *Grynberg*, 805 F.3d at 906.  Defendants allege only that Stallion Oilfield Services Ltd. "is organized under the laws of Texas, and its principal place of business is in Texas." [Doc. 1] at 3. These allegations potentially highlight a third defect in the Notice of Removal: If Stallion Oilfield Services Ltd. is a limited partnership or an unincorporated association, the Notice of Removal would not support diversity jurisdiction because Defendants fail to allege the citizenship of any of its members.

The Notice of Removal therefore contains the following deficiencies: (1) it does not affirmatively allege whether Stallion Oilfield Services Ltd. is a corporation, limited partnership, or some other business entity; (2) it does not allege the facts supporting Stallion Oilfield Services Ltd.'s status as a corporation, limited partnership, or other business entity; and (3) if Stallion Oilfield Services Ltd. is an unincorporated entity, it does not allege the citizenship of each and every one of its members. The Court will grant Defendants leave to amend the Notice of Removal to remedy the above deficiencies.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 12, 2020**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **June 12, 2020,** the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**